1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---

**DEROLLY FORBS**

Petitioner,

**v.**

**DAVE DAVEY, Warden,**

Respondent.

**Case No. 1:14-cv-00678 MJS (HC)**

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Dave Davey, Acting Warden of California State Prison Corcoran is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented by Kevin L. Quade of the office of the California Attorney General. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 7-8.)

**I.      PROCEDURAL BACKGROUND**

Petitioner is currently incarcerated pursuant to a judgment of the Superior Court of

1

California, County of Kern, following a guilty verdict by a jury on October 25, 2010 of forcible rape, possession of a firearm by a felon, misdemeanor assault, and various enhancements. (Clerk's Tr. at 560-63.) On November 23, 2010, the trial court sentenced Petitioner to an indeterminate term of sixty-one (61) years to life in state prison. Id.

Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District. (Lodged Doc. 1.) On January 24, 2013, the court remanded the matter for the trial court to amend the abstract of judgment to correct the numbering of two counts, but otherwise affirmed the judgment. (Lodged Doc. 4.) Petitioner filed a petition for review with the California Supreme Court on March 5, 2013. (Lodged Doc. 5.) The Supreme Court summarily denied the petition on April 10, 2013. (Lodged Doc. 6.)

Petitioner sought collateral review in state court by filing a petition for writ of habeas corpus with the Kern County Superior Court on July 17, 2013. (Lodged Doc. 7.) The petition was denied in a reasoned decision on October 25, 2013. (Lodged Doc. 8.) Petitioner then filed a petition for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District. (Lodged Doc. 9.) The court summarily denied the petition on December 19, 2013. (Lodged Doc. 10.) Petitioner filed a petition for writ of habeas corpus with the California Supreme Court on January 16, 2014. (Lodged Doc. 11.) The court summarily denied the petition on March 26, 2014. (Lodged Doc. 12.)

Petitioner filed the instant federal petition on May 8, 2014. (Pet., ECF No. 1.) Petitioner presents two claims for relief: 1) that Petitioner's rights to be free from double jeopardy under the Fifth and Fourteenth Amendments were violated by re-trying Petitioner after his first trial resulted in a mistrial; and 2) that his due process rights were violated by enhancements to his sentence based on his prior convictions. (Pet.)

Respondent filed an answer to the petition on July 22, 2014. (Answer, ECF No. 11.) Petitioner did not file a traverse. Accordingly, the matter stands fully briefed and ready for adjudication.

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.   STATEMENT OF THE FACTS[1]

Appellant Derolly Forbs was charged with forcible rape (Pen. Code,[fn1] § 261, subd. (a)(2); count 1), forcible oral copulation (§ 288a, subd. (c)(2); count 2), possession of a firearm by a felon (§ 12021, subd. (a)(1); count 3), and assault with a deadly weapon (§ 245, subd. (a)(1); count 4). Appellant's first trial ended with the jury acquitting him on the oral copulation count. However, the jury was unable to reach a verdict and the trial court declared a mistrial as to the remaining counts.

**FN1**: Further statutory references are to the Penal Code unless otherwise specified.

On retrial, appellant was convicted of forcible rape (count 1), possession of a firearm by a felon (count 2), and misdemeanor assault (§ 240), the lesser included offense of assault with a deadly weapon (count 3). The jury also found true that appellant had a prior conviction of forcible rape, and the trial court found true enhancement allegations based on the prior conviction. The court sentenced appellant to prison for an aggregate term of 61 years to life.

People v. Forbs, 2013 Cal. App. Unpub. LEXIS 541, 1-2 (Jan. 24, 2013).

## III.   GOVERNING LAW

### A.   Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2241(d); 2254(a). Accordingly, the Court has jurisdiction over the action.

### B.   Legal Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 326 (1997); Jeffries v. Wood,

---

[1]The Fifth District Court of Appeal's summary of the facts in its January 24, 2013 opinion is presumed correct. 28 U.S.C. § 2254(e)(1).

1    114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of

2    the AEDPA; thus, it is governed by its provisions.

3         Under AEDPA, an application for a writ of habeas corpus by a person in custody

4    under a judgment of a state court may be granted only for violations of the Constitution

5    or laws of the United States. 28 U.S.C. § 2254(a); Williams v. Taylor, 529 U.S. at 375 n.

6    7 (2000). Federal habeas corpus relief is available for any claim decided on the merits in

7    state court proceedings if the state court's adjudication of the claim:

8         (1) resulted in a decision that was contrary to, or involved an
     unreasonable application of, clearly established federal law, as
9         determined by the Supreme Court of the United States; or

10        (2) resulted in a decision that was based on an unreasonable
     determination of the facts in light of the evidence presented in the State
11        court proceeding.

12   28 U.S.C. § 2254(d).

13                    1.    Contrary to or an Unreasonable Application of Federal Law

14        A state court decision is "contrary to" federal law if it "applies a rule that

15   contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts

16   that are materially indistinguishable from" a Supreme Court case, yet reaches a different

17   result." Brown v. Payton, 544 U.S. 133, 141 (2005) citing Williams, 529 U.S. at 405-06.

18   "AEDPA does not require state and federal courts to wait for some nearly identical

19   factual pattern before a legal rule must be applied. . . . The statue recognizes . . . that

20   even a general standard may be applied in an unreasonable manner" Panetti v.

21   Quarterman, 551 U.S. 930, 953 (2007) (citations and quotation marks omitted).  The

22   "clearly established Federal law" requirement "does not demand more than a 'principle'

23   or 'general standard.'" Musladin v. Lamarque, 555 F.3d 830, 839 (2009).  For a state

24   decision to be an unreasonable application of clearly established federal law under §

25   2254(d)(1), the Supreme Court's prior decisions must provide a governing legal principle

26   (or principles) to the issue before the state court.  Lockyer v. Andrade, 538 U.S. 63, 70-

27   71 (2003).  A state court decision will involve an "unreasonable application of" federal

28   law only if it is "objectively unreasonable." Id. at 75-76, quoting Williams, 529 U.S. at

                                                 4

1   409-10; <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24-25 (2002). In <u>Harrington v. Richter</u>, the

2   Court further stresses that "an *unreasonable* application of federal law is different from

3   an *incorrect* application of federal law." 131 S. Ct. 770, 785 (2011), (citing <u>Williams</u>, 529

4   U.S. at 410) (emphasis in original).  "A state court's determination that a claim lacks

5   merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

6   correctness of the state court's decision." <u>Id.</u> at 786 (citing <u>Yarborough v. Alvarado</u>, 541

7   U.S. 653, 664 (2004)). Further, "[t]he more general the rule, the more leeway courts

8   have in reading outcomes in case-by-case determinations." <u>Id.</u>; <u>Renico v. Lett</u>, 130 S.

9   Ct. 1855, 1864 (2010). "It is not an unreasonable application of clearly established

10  Federal law for a state court to decline to apply a specific legal rule that has not been

11  squarely established by this Court."  <u>Knowles v. Mirzayance</u>, 129 S. Ct. 1411, 1419

12  (2009), quoted by <u>Richter</u>, 131 S. Ct. at 786.

13  2.    <u>Review of State Decisions</u>

14  "Where there has been one reasoned state judgment rejecting a federal claim,

15  later unexplained orders upholding that judgment or rejecting the claim rest on the same

16  grounds."  <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).  This is referred to as the

17  "look through" presumption.  <u>Id.</u> at 804; <u>Plascencia v. Alameida</u>, 467 F.3d 1190, 1198

18  (9th Cir. 2006).    Determining whether a state court's decision resulted from an

19  unreasonable legal or factual conclusion, "does not require that there be an opinion from

20  the state court explaining the state court's reasoning." <u>Richter</u>, 131 S. Ct. at 784-85.

21  "Where a state court's decision is unaccompanied by an explanation, the habeas

22  petitioner's burden still must be met by showing there was no reasonable basis for the

23  state court to deny relief."  <u>Id.</u> ("This Court now holds and reconfirms that § 2254(d) does

24  not require a state court to give reasons before its decision can be deemed to have been

25  'adjudicated on the merits.'").

26  <u>Richter</u> instructs that whether the state court decision is reasoned and explained,

27  or merely a summary denial, the approach to evaluating unreasonableness under §

28  2254(d) is the same: "Under § 2254(d), a habeas court must determine what arguments

1    or theories supported or, as here, could have supported, the state court's decision; then

2    it must ask whether it is possible fairminded jurists could disagree that those arguments

3    or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786.

4    Thus, "even a strong case for relief does not mean the state court's contrary conclusion

5    was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. at 75). AEDPA "preserves

6    authority to issue the writ in cases where there is no possibility fairminded jurists could

7    disagree that the state court's decision conflicts with this Court's precedents." Id. To put

8    it yet another way:

9
10          As a condition for obtaining habeas corpus relief from a federal
            court, a state prisoner must show that the state court's ruling on the claim
            being presented in federal court was so lacking in justification that there
11          was an error well understood and comprehended in existing law beyond
            any possibility for fairminded disagreement.

12   Id. at 786-87. The Court then explains the rationale for this rule, i.e., "that state courts

13   are the principal forum for asserting constitutional challenges to state convictions." Id. at

14   787. It follows from this consideration that § 2254(d) "complements the exhaustion

15   requirement and the doctrine of procedural bar to ensure that state proceedings are the

16   central process, not just a preliminary step for later federal habeas proceedings." Id.

17   (citing Wainwright v. Sykes, 433 U.S. 72, 90 (1977).

18                    3.    Prejudicial Impact of Constitutional Error

19          The prejudicial impact of any constitutional error is assessed by asking whether

20   the error had "a substantial and injurious effect or influence in determining the jury's

21   verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551

22   U.S. 112, 121-22 (2007) (holding that the Brecht standard applies whether or not the

23   state court recognized the error and reviewed it for harmlessness). Some constitutional

24   errors, however, do not require that the petitioner demonstrate prejudice. See Arizona v.

25   Fulminante, 499 U.S. 279, 310 (1991); United States v. Cronic, 466 U.S. 648, 659

26   (1984). Furthermore, where a habeas petition governed by AEDPA alleges ineffective

27   assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the

28   Strickland prejudice standard is applied and courts do not engage in a separate analysis

                                           6

1  applying the <u>Brecht</u> standard.  <u>Avila v. Galaza</u>, 297 F.3d 911, 918, n. 7 (2002).  <u>Musalin</u>

2  <u>v. Lamarque</u>, 555 F.3d at 834.

3  **IV.    REVIEW OF PETITION**

4      **A.    Claim One – Double Jeopardy**

5      Petitioner contends that his right to be free from double jeopardy was violated

6  when he was convicted at a second trial on charges previously brought, but ultimately

7  dismissed at the first trial based on the jury's inability to reach a unanimous decision.

8  (Pet.)

9          1.    State Court Decision

10     Petitioner presented his claim in his collateral appeal to the Kern County Superior

11  Court. The claim was denied in a reasoned decision by the Superior Court and both the

12  Court of Appeal and California Supreme Court summarily denied the claim in

13  subsequent petitions. (<u>See</u> Lodged Docs. 7-12.) Since the California Supreme Court

14  denied the petition in a summary manner, this Court "looks through" the decisions and

15  presumes the Supreme Court adopted the reasoning of the Superior Court, the last state

16  court to have issued a reasoned opinion. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 804-05

17  & n.3 (1991) (establishing, on habeas review, "look through" presumption that higher

18  court agrees with lower court's reasoning where former affirms latter without discussion);

19  <u>see also</u> <u>LaJoie v. Thompson</u>, 217 F.3d 663, 669 n.7 (9th Cir. 2000) (holding federal

20  courts look to last reasoned state court opinion in determining whether state court's

21  rejection of petitioner's claims was contrary to or an unreasonable application of federal

22  law under 28 U.S.C. § 2254(d)(1)).

23     In denying Petitioner's claim, the Kern County Superior Court explained that:

24          Petitioner had a jury trial in the first trial which acquitted petitioner of
        two counts of oral copulation. The jury was deadlocked as to the
25      remaining counts, and the judge declared a mistrial.

26          In the second trial, the jury convicted petitioner of the instant
        charges on October 25, 2010 and petitioner also admitted to a forcible
27      rape conviction in 1995. Consequently, petitioner was sentenced on
        November 25, 2010 to fifty years to life plus six years for the firearm
28      enhancement and five years for the felony conviction enhancement for an

aggregate term of fifty years to life plus the determinate term of eleven years. The felony conviction enhancement was attached to count one.

Petitioner posits the following two arguments: prosecution is barred by the double jeopardy clause of the fifth amendment of the U.S. Constitution  and Art. I. clause fifteen of the California Constitution; and even if double jeopardy does not attach, the sentence is excessive.

The court rejects both petitioners' arguments and denies the petition for writ of habeas corpus for reasons explained below.
I. Discussion

The Fifth Amendment to the U.S. Constitution, and Art. 1 Section XV of the California Constitution prohibits prosecution for the same offense once there has been an acquittal. This is commonly known as the double jeopardy clause.

In this instance, jeopardy did not attach from the first trial to the second trial because the jury acquitted petitioner of two counts of oral copulation, but could not reach a verdict on the remaining counts. The trial judge thus discharged the jury after it rendered a verdict on two counts but not the remaining counts, Jeopardy did not attach on the remaining counts resulting in a mistrial. People v. Sullivan (2013) 217 Cal.App. 4th 242, 246. He was not retried on forcible oral copulation counts in the second trial. This is in contrast with where a trial judge dismisses a jury without stating on the record whether or not the jury has reached a verdict.

People v. Stone (1981) 31 Cal.4th 303, 316. Petitioner thus fails in his first argument.

(Lodged Doc. 8 at 1-2.)

2.    Applicable Law

The Double Jeopardy Clause of the Fifth Amendment, as applied to the States through the Fourteenth Amendment, "protects against successive prosecutions for the same offense after acquittal . . . ." Monge v. California, 524 U.S. 721, 727-28 (1998) (citation omitted); Lemke v. Ryan, 719 F.3d 1093, 1099 (9th Cir. 2013). "Absent an 'acquittal' in which the factfinder concludes that the prosecution failed to 'prove[ ] its case,' the Double Jeopardy Clause does not bar a retrial." Harrison v. Gillespie, 640 F.3d 888, 898 (9th Cir. 2011) (citation omitted).

"[I]n a jury trial, an 'acquittal,' whether express or implied, occurs only when the jury renders a verdict as to all or some of the charges against a defendant." Id. An "express" acquittal occurs when the jury returns a verdict in favor of the accused. Id. (citation omitted). An "implied acquittal" is one that can be inferred from a jury's verdict

1    on other charges. Id. (citation omitted); see, e.g., Yeager v. United States, 557 U.S. 110,

2    119-20, 125, 129 S. Ct. 2360, 174 L. Ed. 2d 78 (2009) (Where the jury acquits on one

3    count but is deadlocked on another, double jeopardy bars re-litigation of factual issues

4    that were necessarily decided by the jury as to the count on which a verdict was

5    reached.) (citation omitted); Green v. United States, 355 U.S. 184, 190-91 (1957)

6    (conviction for second degree murder operates as implied acquittal on first degree

7    murder count).

8         A jury's verdict is not final until "deliberations are over, the result is announced in

9    open court, and no dissent by a juror is registered." United States v. Nelson, 692 F.2d

10   83, 84-85 (9th Cir. 1982) (citation and quotation marks omitted); see also Lemke v.

11   Ryan, 719 F.3d 1093, 1101 (9th Cir. 2013) (noting that in Blueford v. Arkansas, 132 S.

12   Ct. 2044, 2050-51, 182 L. Ed. 2d 937 (2012), the Supreme Court permitted a retrial of

13   capital charges after a jury was unable to reach a verdict, even though the jury had

14   reported itself as unanimously against conviction on the capital charge; further noting

15   that no verdict had actually been entered).

16        When a mistrial is declared before a jury can render its verdict, a defendant may

17   be re-tried for the same crime only if the defendant consents to the mistrial or the trial

18   court determines that "manifest necessity" required the declaration of a mistrial (e.g., in

19   the case of a "hung jury"). See Renico v. Lett, 559 U.S. 766, 773-74, 130 S. Ct. 1855,

20   176 L. Ed. 2d 678 (2010) ("clearly established" that "when a judge discharges a jury on

21   the grounds that the jury cannot reach a verdict, the Double Jeopardy Clause does not

22   bar a new trial for the defendant before a new jury") (citation and internal quotation

23   marks omitted); United States v. Lopez-Avila, 678 F.3d 955, 962 (9th Cir. 2012) ("[T]he

24   Double Jeopardy Clause usually does not bar retrial when a mistrial is declared with the

25   consent of the defendant.") (citing Oregon v. Kennedy, 456 U.S. 667, 676, 102 S. Ct.

26   2083, 72 L. Ed. 2d 416 (1982)); Wilson v. Belleque, 554 F.3d 816, 830 (9th Cir. 2009) ("It

27   is well-established that retrial following a hung jury does not constitute double jeopardy.")

28   (citations omitted); United States. v. Chapman, 524 F.3d 1073, 1081 (9th Cir. 2008) (if

1   case dismissed after jeopardy attaches but before jury reaches verdict, defendant may

2   be tried again for same crime only if he consents to dismissal or if the district court

3   determines that dismissal required by manifest necessity; noting deadlocked jury is

4   classic basis for proper mistrial) (citation omitted).

5             3.      Analysis

6       The Supreme Court has noted that declaring a mistrial based on the jury's failure

7   to reach a verdict "has long been considered the 'classic basis' establishing such a

8   necessity" to declare a mistrial. Blueford v. Arkansas, 132 S. Ct. 2044, 2052 (2012). A

9   second trial on those offenses does not violate the Double Jeopardy Clause. Id. That is

10  precisely the case with Petitioner. The jury in his first trial was unable to reach a verdict

11  as to all the other charges but for oral copulation. (Rept'r Tr. at 1101-02.) Petitioner was

12  acquitted of oral copulation, and a mistrial was declared as to the other charges. (Id.) As

13  double jeopardy only attached to the oral copulation charge, for which Petitioner was not

14  retried, his claim fails. Double jeopardy did not bar the retrial of Petitioner on the other

15  charges.

16      The state court decision denying this claim was not contrary to clearly established

17  Supreme Court precedent. Accordingly, Petitioner is not entitled to habeas relief.

18      **B.      Claim Two – Enhancement of Sentence Based on Prior Convictions**

19      Petitioner, in his second claim, contends that the state violated his due process

20  rights by enhancing his sentence based on his prior convictions. (Pet. at 4.)

21             1.      State Court Decision

22      Petitioner presented his claim in his collateral appeal to the Kern County

23  Superior Court. The claim was denied in a reasoned decision by the Superior Court and

24  both the Court of Appeal and California Supreme Court summarily denied the claim in

25  subsequent petitions. (See Lodged Docs. 7-12.) Since the California Supreme Court

26  denied the petition in a summary manner, this Court "looks through" the decisions and

27  presumes the Supreme Court adopted the reasoning of the Superior Court, the last state

28  court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05

1    & n.3 (1991) (establishing, on habeas review, "look through" presumption that higher

2    court agrees with lower court's reasoning where former affirms latter without discussion);

3    see also LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000) (holding federal

4    courts look to last reasoned state court opinion in determining whether state court's

5    rejection of petitioner's claims was contrary to or an unreasonable application of federal

6    law under 28 U.S.C. § 2254(d)(1)).

7         In denying Petitioner's claim, the Kern County Superior Court explained that:

8              The sentence is also proper. Petitioner received twenty-five years
         to life under the habitual sex offender statutes. P.C. § 667.61(d)(1),
9         667.6(d)(1). Rape is also a serious or violent felony under P.C. Section
         667.5(c)(19), and 1192.7(c)(3). This resulted in the doubling of his
10        sentence under P.C. Section 667(e)(1).

11             This resulted in the imposition of fifty years to life sentence. The
         remaining enhancements for firearm possession six years and the felony
12        conviction enhancement five years constituted the remaining eleven years
         term consecutive to the fifty years to life term. The felony conviction
13        enhancement attached to count one, and the six years sentence was for
         count two, being a felon in possession of a firearm.
14
               There were no mitigating sentencing factors given petitioner's
15       previous criminal convictions involving violence – terrorist threats, spousal
         abuse, and forcible rape of the mother of his child. In the instant case,
16       petitioner forcibly raped his stepdaughter while her children were in the
         house. He ejaculated inside Marie C. which effectively negates his
17       defense of impotence at the first trial.

18             The appellate court affirmed the conviction in its entirety in a
         remittitur on January 24, 2013 finding no constitutional error warranting a
19       reversal of the conviction. Apart from the contentions raised on appeal, the
         appellate court independently reviewed the entire record.
20
               On the basis of the foregoing, the petition for writ of habeas corpus
21       is accordingly denied.

22   (Lodged Doc. 8 at 2-3.)

23              2.      Analysis

24        Regardless whether Petitioner contends that his sentence was illegally enhanced

25   based on prior convictions, or cruel and unusual under the Eighth Amendment, his

26   claims fails. The Supreme Court has held, in the context of AEDPA review, that the

27   relevant, clearly established law regarding the Eighth Amendment's proscription against

28   cruel and unusual punishment is a "gross disproportionality" principle, the precise

contours of which are unclear and applicable only in the "exceedingly rare" and "extreme" case. Lockyer v. Andrade, 538 U.S. 63, 73-76, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003) (discussing decisions in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991), Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), and Rummel v. Estelle, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980)); Ewing v. California, 538 U.S. 11, 23, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003). "Successful challenges to the proportionality of particular sentences will be exceedingly rare." Solem, 463 U.S. at 289-90.

The Supreme Court has upheld prison sentences challenged as cruel and unusual, and in particular, has approved recidivist punishments similar to or longer than Petitioner's 61 years to life sentence for offenses of equivalent or lesser severity. See Andrade, 538 U.S. at 77 (denying habeas relief on Eighth Amendment disproportionality challenge to Three Strikes sentence of two consecutive terms of 25 years to life for stealing $150.00 in videotapes when petitioner had a lengthy but nonviolent criminal history); Harmelin, 501 U.S. at 1008-09 (mandatory life sentence without parole for first offense of possession of more than 650 grams of cocaine is not so disproportionate as to violate the Eighth Amendment); Hutto v. Davis, 454 U.S. 370, 374-75, 102 S. Ct. 703, 70 L. Ed. 2d 556 (1982) (per curiam) (upholding non-recidivist sentence of two consecutive 25 prison terms for possession of nine ounces of marijuana and distribution of marijuana); cf. Solem, 463 U.S. at 280-81 (sentence of life imprisonment without possibility of parole for seventh nonviolent felony violates Eighth Amendment).

Generally, so long as the sentence imposed by the state court does not exceed statutory maximums, it will not be considered cruel and unusual punishment under the Eighth Amendment or violative of due process. United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990); United States v. Mejia-Mesa, 153 F.3d 925, 930 (9th Cir. 1998) ("punishment within legislatively mandated guidelines is presumptively valid").

Here, Petitioner was sentenced to 61 years to life in prison for three separate crimes including forcible rape, possession of a firearm by a felon, and misdemeanor

1    assault. The jury also found that Petitioner had a prior conviction for forcible rape, and

2    his sentenced was enhanced based on the prior conviction. Petitioner's sentence was

3    reasonably imposed and his is not "the rare case in which a threshold comparison of the

4    crime   committed   and   the   sentence   imposed   leads   to   inference   of   gross

5    disproportionality." Harmelin, 501 U.S. at 1005.

6         Petitioner attempts to rely on Burgett v. Texas, to show that it violated his due

7    process rights to rely on the prior conviction to enhance his sentence. 389 U.S. 109, 115

8    (1967). Burgett  was one decision in "a line of cases holding that a conviction obtained in

9    violation of the Sixth Amendment could not be used in a subsequent prosecution to

10   support guilt or enhance punishment. United States v. First, 731 F.3d 998, 1008 (9th Cir.

11   2013) (citing Burgett v. Texas, 389 U.S. 109, 115; Loper v. Beto, 405 U.S. 473 (1972);

12   United States v. Tucker, 404 U.S. 443 (1972).

13        However, "[a]t the time the prior conviction at issue in Burgett was entered, state

14   criminal defendants' federal constitutional right to counsel had not yet been recognized,

15   and so it was reasonable to presume that the defendant had not waived a right he did

16   not possess." Parke v. Raley, 506 U.S. 20, 31 (1992). Petitioner's prior conviction for

17   forcible rape occurred in 1995, well after the Supreme Court recognized the right to

18   counsel in such criminal prosecutions. Regardless, records indicate that Petitioner was

19   represented by counsel in the prior criminal proceeding.  (Supp. Clerk's Tr. at 24, 27-37.)

20   Burgett is not applicable to Petitioner's case, and the state court did not error in using

21   the prior conviction in determining his sentence.

22        Accordingly, the state court adjudication of the claim did not result in a decision

23   that was contrary to, or involved an unreasonable application of, clearly established

24   Federal law, or result in a decision that was based on an unreasonable determination of

25   the facts in light of the evidence. 28 U.S.C. § 2254(d). Petitioner is not entitled to relief.

26   **V.    CONCLUSION**

27        Petitioner is not entitled to relief with regard to the claims presented in the instant

28   petition. The Court therefore orders that the petition be DENIED.

## VI.    CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that no reasonable jurist would find the Court's determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable, nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**VII.    ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DENIED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   May 3, 2016           /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE